**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Daniel Montes, | No. CV-17-03117-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Lora Morales Fernandez, et al., | |
| Defendants. | |

Pro se Plaintiff Joseph Montes filed a complaint against Defendants Lora Fernandez, Brenda Spence, and Deena Steinmetz, alleging deprivations of his Fourth and Fourteenth Amendment rights. Doc. 1. Fernandez has filed a motion to dismiss the complaint under Rule 12(b)(6). Doc. 28. Plaintiff responded (Doc. 32), and Defendant did not reply. No party requests oral argument. The Court will grant the motion.

**I. Background.**

For purposes of this motion, Plaintiff's factual allegations are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On April 29, 2017, Fernandez, a private citizen, filed a false complaint with the Arizona Department of Child Safety ("DCS") regarding Plaintiff's treatment of his three minor children. Doc. 1 at 2. As a result of this complaint, DCS employee Spence authorized the removal of the three children from Plaintiff's custody. *Id.* On May 2, 2017, DCS employee Steinmetz removed the children from their schools and took them into DCS custody. *Id.* At a subsequent court hearing, a

commissioner granted DCS temporary custody of Plaintiff's children. *Id.*

Plaintiff seeks $5 million in damages for alleged violations of his Fourth and Fourteenth Amendment rights. *Id.* at 3.

**II.    Legal Standard.**

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Ninth Circuit has directed district courts to "'construe [pro se] pleadings liberally and . . . afford [pro se parties] the benefit of any doubt.'" *Byrd v. Phx. Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

**III.   Discussion.**

The Court interprets Plaintiff's complaint as a 42 U.S.C. § 1983 action alleging violations of his Fourth and Fourteenth Amendment rights. *See* Doc. 32 (arguing § 1983 standards). Fernandez contends that the complaint against her must be dismissed because a § 1983 claim cannot be brought against a private citizen. Doc. 28 at 1-2.

"Section 1983 is a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (internal quotation marks omitted). To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by

the Constitution or laws of the United States, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Dismissal of a § 1983 claim "is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Naffe*, 789 F.3d at 1036.

A person acts under color of state law if she exercises "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (internal quotation marks omitted). This requirement generally limits § 1983 suits to claims against public officials. To establish that a private individual like Fernandez acted under color of state law, a plaintiff must show that the individual "conspired or acted jointly with state actors" to deprive the plaintiff of his constitutional rights. *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 783 (9th Cir. 2001) (citing *United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir. 1989)). "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must plead evidence of "'an agreement or meeting of the minds to violate constitutional rights.'" *Radcliffe*, 254 F.3d at 783 (quoting *Phelps Dodge*, 865 F.2d at 1540-41).

The complaint contains a single allegation about Fernandez: "On April 29, 2017, Lora Morales Fernandez, made false allegations to the Department of Child Safety hotline, which led to the involuntary removal of my three children . . . from their schools." Doc. 1 at 2. The complaint does not allege that Fernandez conspired or acted jointly with state actors to deprive the plaintiff of his constitutional rights. *Radcliffe*, 254 F.3d at 783. The Court accordingly will dismiss the complaint against Fernandez.[1]

Plaintiff's response does not cure this deficiency. He offers a conclusory assertion

---

[1] Because the Court will dismiss the complaint on this ground, it need not consider Fernandez's other argument that she is absolutely privileged under Arizona law. Doc. 28 at 1. The Court notes, however, that "state law immunities have no force against § 1983 suits where the state law immunity purports to provide immunity 'over and above those already provided in § 1983.'" *Sosa v. Hiraoka*, 920 F.2d 1451, 1460 n.3 (9th Cir. 1990) (quoting *Howlett v. Rose*, 496 U.S. 356, 376 (1990)). If Plaintiff amends his complaint, Fernandez may rely on this argument so long as she establishes its applicability under federal law.

that Fernandez conspired with DCS employees, but the Court must limit its review to the well-pled allegations in the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss.").

## IV.  Leave to Amend.

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi*, 839 F.2d at 623 (internal quotation marks omitted). In this case, it is not absolutely clear that Plaintiff will be unable to cure the deficiencies in his complaint by amendment.

Before dismissing a pro se civil rights complaint, the district court must also "give the plaintiff a statement of the complaint's deficiencies." *Karim-Panahi*, 839 F.2d at 623, 625 ("We do not . . . require the district court to act as legal advisor to the plaintiff. However, the court must do more than simply advise the pro se plaintiff that his complaint needs to [comply with Rule 8]. The district court is required to draft a few sentences explaining the deficiencies." (internal quotation marks and citations omitted)). Having set forth above the § 1983 standard for private individual liability and reasons for dismissal, the Court will dismiss the complaint without prejudice. The Court will grant Plaintiff leave to file an amended complaint by no later than April 29, 2018.

**IT IS ORDERED:**

1. Defendant Lora Fernandez's motion to dismiss (Doc. 28) is **granted**.
2. Plaintiff's complaint (Doc. 1) against Defendant Fernandez is **dismissed without prejudice**.
3. Plaintiff shall have until **April 29, 2018**, to file an amended complaint.

Dated this 9th day of April, 2018.

_____
David G. Campbell
United States District Judge

- 4 -